# In the United States Court of Federal Claims

No. 21-2266 C

(Filed: December 14, 2021)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ALPHONSO V. FRAZIER II,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pro Se Plaintiff; Sua Sponte Dismissal; Subject-Matter Jurisdiction; Due Process; Federal Rules of Civil Procedure; 28 U.S.C. § 2403; In Forma Pauperis

Alphonso V. Frazier II, Omaha, NE, pro se.

David M. Kerr, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

    Plaintiff Alphonso V. Frazier II, proceeding pro se, asserts statutory, procedural rule-based, and constitutional claims against the United States. Specifically, Mr. Frazier argues that the Clerk of Court for the United States District Court for the District of Nebraska did not satisfy the obligations under 28 U.S.C. § 2403 and the Federal Rules of Civil Procedure and, in doing so, violated his due process rights. Mr. Frazier seeks to proceed in forma pauperis. For the reasons set forth below, the court grants Mr. Frazier's application to proceed in forma pauperis and dismisses Mr. Frazier's complaint for lack of jurisdiction.

**I. BACKGROUND**

    The basis of Mr. Frazier's complaint relates to a case Mr. Frazier filed in May 2021 before the United States District Court for the District of Nebraska. In that case, the district court dismissed Mr. Frazier's complaint in which he sought to remove a state criminal case to federal court. Frazier v. Nebraska, 8:21-cv-186, 2021 WL 2635253, \*1 (D. Neb. June 25, 2021). Following the district court's dismissal and entry of judgment, Mr. Frazier filed several motions for postjudgment relief and a motion for reconsideration, all of which the court denied. See Frazier v. Nebraska, 8:21-cv-186 (D. Neb. July 13, 2021) (denying plaintiff's various motions for postjudgment relief); Frazier v. Nebraska, 8:21-cv-186, 2021 WL 3863522 (D. Neb. July 23, 2021) (denying plaintiff's motion for reconsideration). Mr. Frazier then appealed the district court's dismissal, and the United States Court of Appeals for the Eighth Circuit summarily affirmed the district court's judgment. Frazier v. Nebraska, No. 21-2948 (8th Cir. Oct. 8, 2021).

Before Mr. Frazier filed his motion for reconsideration in the district court, he filed a "Notice of Constitutional Question" to, according to the notice, challenge the constitutionality of several Nebraska statutes. In his complaint before this court, Mr. Frazier argues that the notice of a constitutional question triggers an obligation of the relevant clerk of court to "certify [the question to] the appropriate attorney general" pursuant to 28 U.S.C. § 2403 and the Federal Rules of Civil Procedure.[1] Compl. 2. Mr. Frazier alleges that the Clerk of Court for the United States District Court for the District of Nebraska failed to properly certify the constitutional question, and this failure violated 28 U.S.C. § 2403 and the Federal Rules of Civil Procedure and consequently violated his due process rights. Id. at 2-3. As relief for this alleged violation of his due process rights, Mr. Frazier seeks $10,000. Id. at 3.

## II.  DISCUSSION

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject-matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'. . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

The ability of the United States Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395

---

[1] In his complaint, Mr. Frazier only references "the U.S. District Court Clerk" or "court clerk." Based on the relevant statute, procedural rules, and allegations in the complaint, this court favorably construes Mr. Frazier's "court clerk" references to mean the Clerk of Court for the United States District Court for the District of Nebraska.

U.S. 1, 4 (1969).

      Mr. Frazier invokes the Tucker Act as the basis for the court's jurisdiction. Compl. 1. The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### A. Lack of Jurisdiction Over Mr. Frazier's Claims Arising from 28 U.S.C. § 2403 or the Federal Rules of Civil Procedure

      Mr. Frazier alleges that the district court clerk of court violated the Federal Rules of Civil Procedure by not certifying, to the appropriate attorney general, the constitutional question that Mr. Frazier set forth in the notice that he filed with the district court. Compl. 2. Under 28 U.S.C. § 2403, the federal government or a state can intervene in a civil action, suit, or proceeding when the constitutionality of a federal or state statute affecting the public interest is drawn into question. Both the statute and, in turn, the Federal Rules of Civil Procedure require the court to "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(c); accord 28 U.S.C. § 2403(a) (concerning the federal government), (b) (concerning state governments).

      This court lacks jurisdiction over Mr. Frazier's claims arising from 28 U.S.C. § 2403 and the Federal Rules of Civil Procedure because neither source of law is money-mandating.[2] To establish that a statute is money-mandating, a plaintiff must show that the statute at issue "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting Testan, 424 U.S. at 400, and Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 607 (1967)); see also Hamlet v. United States, 63 F.3d 1097, 1107 (Fed. Cir. 1995) (holding that a certain USDA regulation did not create a substantive right to monetary compensation from the United States for purposes of Tucker Act jurisdiction). Mr. Frazier has not shown that 28 U.S.C. § 2403 mandates federal government compensation. The statute instead permits the federal and state governments to participate in actions that could affect federal or state laws. In fact, because Mr. Frazier was not acting on behalf of the federal or a state government in filing his "Notice of Constitutional

---

      [2] Rule 5.1(c) most clearly relates to Mr. Frazier's claim under 28 U.S.C. § 2403. However, Mr. Frazier also references Rules 3(2), 5(a), 5(d), 5.1(2)(b), 5.1(b), 5.1(d), and 77(2)(c) of the Federal Rules of Civil Procedure in his complaint. Compl. 2. As discussed below, this court does not have jurisdiction over claims arising out of any of these procedural rules.

Question" with the district court, the filing is inconsistent with the statute. Additionally, this court has determined on several occasions that it lacks jurisdiction over alleged violations of the Federal Rules of Civil Procedure. See Bobka v. United States, 133 Fed. Cl. 405, 412 (2017) ("The court . . . lacks jurisdiction over claims based upon the Federal Rules of Civil Procedure, as they are not money-mandating." (citing Young v. United States, 88 Fed. Cl. 283, 288, appeal dismissed, 367 F. App'x 125 (Fed. Cir. 2009))); Jordan v. United States, 128 Fed. Cl. 46, 53 (2016). Accordingly, this court lacks jurisdiction over these claims.

### B. Lack of Jurisdiction Over Mr. Frazier's Due Process Claim

Mr. Frazier also alleges a violation of his "procedural due process rights." Compl. 3. Both the Fifth and Fourteenth Amendments to the United States Constitution contain due process clauses, and Mr. Frazier does not specify which due process clause he is referencing. Construing the complaint in favor of the pro se plaintiff, Mr. Frazier likely is invoking the Fifth Amendment's Due Process Clause as his complaint is focused on federal government actions or inactions. However, whether Mr. Frazier is referencing the due process clauses of either amendment is ultimately inconsequential because neither due process clause is money-mandating. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process and Equal Protection Clauses "do not trigger Tucker Act jurisdiction in the courts"). Accordingly, the court lacks jurisdiction over this claim.

### C. Lack of Jurisdiction to Review Decisions of the District Court Clerk of Court

Finally, Mr. Frazier brings this action against the United States because, he alleges, the district court clerk of court failed to properly certify the constitutional question he presented to the appropriate attorney general. Compl. 1-2. Perhaps implying that the district court clerk of court violated a duty, Mr. Frazier references 28 U.S.C. § 951, which contains the oath of office for court clerks and deputies.[3] Compl. 1. This claim amounts to a collateral attack on action or inaction of the district court and its clerk. The United States Court of Appeals for the Federal Circuit has established that this court lacks jurisdiction to entertain such attacks. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

### III. APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, Mr. Frazier filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or

---

[3] To the extent Mr. Frazier is referencing 28 U.S.C. § 951 as a separate claim, this court does not have jurisdiction as this statutory provision is not money-mandating.

payment of filing fees and security under certain circumstances.[4] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id.

Here, Mr. Frazier's application is deficient as Mr. Frazier did not respond to the question regarding his last employment and relevant salary; however, notwithstanding his failure to answer that question, Mr. Frazier has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a). The court therefore grants his application to proceed in forma pauperis and waives his prepayment of the filing fee.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** Mr. Frazier's application to proceed in forma pauperis. In addition, the court **DISMISSES** Mr. Frazier's complaint for lack of jurisdiction. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge

---

[4] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).